# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6143 | **DATE** | 8/27/2012 |
| **CASE TITLE** | John Giglio (2008-0005820) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee.  The complaint (Dkt. No. 1) is dismissed without prejudice.  Plaintiff must submit a proposed amended complaint in accordance with this order.  The clerk is directed to send the plaintiff an IFP application, and amended civil rights complaint form with instructions along with a copy of this order.  Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case.

■ [ For further details see text below.]　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

Pro se plaintiff John Giglio, a Cook County Jail detainee, has brought suit pursuant to 42 U.S.C. § 1983.  Pending before the Court is the consideration of plaintiff's fee status and an initial review of his complaint under 28 U.S.C. § 1915A.

Plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*.  The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed.  In all prisoner civil lawsuits, the Court must assess an initial partial filing fee.  *See* 28 U.S.C. § 1915(b)(1).  The Court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account.  Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the Court to make the necessary assessment of the initial partial filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  Therefore, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this Court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from February 3, 2012 through August 3 2012.

The plaintiff must, within thirty days, either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee.  The clerk will furnish the plaintiff with an *in forma pauperis* application along with a copy of this order.  Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case.

# STATEMENT

Turning to plaintiff's complaint, he alleges that on July 1, 2012, the ceiling in his dayroom at the Jail leaked during a rain storm. He slipped on the water injuring himself on his side. Plaintiff claims the injury resulted in sharp pain in his chest and it was difficult for him to breath. Plaintiff notified a non defendant officer Toner of his injuries. Toner told defendant Sergeant Ciaiarulo who responded that it was too late for plaintiff to receive medical attention that evening and to "stick it out" until the next day. (Dkt. No. 1 at 2). Plaintiff does not state when he received medical attention for his injuries.

Plaintiff complains that he did not receive medical attention in a timely fashion and that the leaking roof has not been fixed. He seeks both compensatory and punitive damages for his injuries and wants injunctive relief to improve the conditions at the Jail. He names Cook County, Superintendent Reyes and Sergeant Ciaiarulo as defendants. He names Reyes and Ciaiarulo in their individual and official capacities.

An unnecessary delay in providing medical attention resulting in prolonged and unnecessary pain violates the constitution. *Smith v. Knox County Jail*, 666 F.3d 1037, 1039-40 (7th Cir. 2012) (per curiam). Plaintiff has a viable claim for his assertion that he was unreasonably denied medical attention for his injuries.

However, there are several problems with his present complaint. The fact that there was a leak in his day room is insufficient to establish a claim. Plaintiff has a right to be confined in "humane conditions" that provide the "minimal civilized measure of life's necessities." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 654-55 (7th Cir. 2012). Only "'extreme deprivations [] make out a conditions-of-confinement claim.'" *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) (quoting *Hudson v. McMillian*, 530 U.S. 1, 9 (1992)). The existence of a wet or slippery floor does not violate the constitution. *McMillen v. Tanner*, No. 12 C 5110, 2012 WL 2839808, at *2 (N.D. Ill. July 6, 2012) (citing *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993)). Nor does a leaky roof. *Bailey v. Sheahan*, No. 02 C 7226, 2003 WL 22078373, at *3 (N.D. Ill. Sept. 5, 2003) (citations omitted); *Wilson v. Schomig*, 863 F. Supp. 789, 795 (N.D. Ill. 1994) (citing *Shrader v. White*, 761 F.2d 975, 983 (4th Cir. 1985)). Although these alleged conditions are certainly unpleasant, "'mere discomfort and inconvenience do not implicate the constitution.'" *Allen v. Krieg*, No. 11 C 248, 2011 WL 4336732, at *5 (S.D. Ill. Sept. 14, 2011) (quoting *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986)).

Plaintiff's choice of defendants is also problematic. "Section 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811 (7th Cir. 2000); *Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998)). Agency principles of *respondent superior* and vicarious liability do not apply to § 1983 claims. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (citing *Monell*, 436 U.S. at 691; *Hosty v. Carter*, 412 F.3d 731, 733 (7th Cir. 2005)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). Here, plaintiff names Superintendent Reyes as a defendant without alleging that he had any personal involvement with a constitutional violation.

Equally, plaintiff names defendants in both their individual and official capacities, and sues Cook County directly. This is a redundancy because a suit against an individual in his official capacity is, in actuality, against his employer, Cook County. *See Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). "A municipality may be held liable for a constitutional deprivation under *Monell* [*v. New York City Dep't Soc. Servs.*]" *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing 436 U.S. 658 (1978)).

## STATEMENT

"Misbehaving employees are responsible for their own conduct, 'units of government are responsible only for their policies rather than misconduct by their workers.'" *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007)). "To establish municipal liability under § 1983 . . . a plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom or practice." *Waters*, 580 F.3d at 580 (citing *Monell*, 436 U.S. at 694). "To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)).

There is no allegation that Cook County has an express policy in this case resulting in a constitutional violation. Furthermore, there is only plaintiff's single event alleged and this would not plausibly suggest the existence of a widespread and permanent practice. *King v. Kramer*, 680 F.3d 1013, 1018-21 (7th Cir. 2012); *Calhoun v. Ramsey*, 408 F.3d 375, 380-81 (7th Cir. 2005). Thus, the complaint fails to state a claim against Cook County as well as a official capacity claim.

Plaintiff should also be aware that he cannot seek punitive damages from a municipality, they are only available for claims against individuals. *Robinson v. City of Harvey, Ill.*, 617 F.3d 915, 916 (7th Cir. 2010) (citing *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)).

Finally, plaintiff should also be aware that he must exhaust his claims through the grievance process, including required appeals, at the Cook County Jail before he can raise them to this Court. 42 U.S.C. § 1997e(a). As he filed this suit a month after the incident at issue, it appears doubtful that plaintiff has completed his exhaustion process.

In light of the various defects identified in plaintiff's original complaint, the complaint is dismissed without prejudice. Plaintiff is given leave to submit a proposed amended complaint, taking into account the issues identified above. Plaintiff must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each Defendant named in the proposed amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The clerk will provide plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.